DETJEN, J.
*541 INTRODUCTION
Turlock Hernan Diaz and Daniel Pantoja (Diaz and Pantoja, respectively; collectively, defendants) were charged, together with J.P., with murder ( Pen. Code,[1] *501 § 187, subd. (a) ; count I) and attempted carjacking (§§ 215, subd. (a), 664; count II). As to both counts, it was alleged the crime was committed for the benefit of or in association with a criminal street gang (§ 186.22, subd. (b)(1) ), and that a principal personally and intentionally discharged a firearm, proximately causing great bodily injury or death (§ 12022.53, subds. (d), (e)(1) ).
Pantoja's motion to sever trials was granted, and dual juries were empaneled, one for Pantoja's trial and the other for the trial of Diaz and J.P. J.P. was acquitted. As to count I, Diaz was convicted of first degree murder committed during the commission of an attempted carjacking.[2] As to count II, Diaz was convicted of attempted carjacking. The jury found the gang enhancement allegation not true, but the firearm discharge allegation true. Pantoja was similarly convicted on counts I and II, but his jury was unable to reach a unanimous finding on the enhancement allegations. Those allegations subsequently were dismissed on the prosecutor's motion. Defendants' motions for a new trial were denied, and they were sentenced to lengthy prison terms.
In the published portion of this opinion, we hold that Diaz's conviction on count II need not be vacated as a lesser included offense of felony murder as charged in count I. In the unpublished portion, we hold: (1) The trial court did not err by refusing to bifurcate the gang enhancements; (2) Any error in the admission of gang-related evidence was harmless; (3) The trial court was not required to give CALCRIM No. 375 on its own motion regarding Pantoja's prior offenses; (4) Neither defendant is entitled to reversal based on a theory of cumulative prejudice or of ineffective assistance of counsel; (5) Diaz is entitled to have his case remanded to the juvenile court for a transfer hearing; (6) Whatever the outcome of the transfer hearing, the court must exercise discretion whether to strike the section 12022.53 enhancement as to Diaz, but Diaz is not entitled to have the enhancement stricken or its imposition barred; (7) Diaz's argument, that his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States *542 Constitution, is moot, but, if his case remains in a court of criminal jurisdiction, he is entitled to a limited remand pursuant to People v. Franklin (2016) 63 Cal.4th 261, 202 Cal.Rptr.3d 496, 370 P.3d 1053 ( Franklin ); (8) In light of recent statutory amendments, Pantoja is entitled to a limited remand pursuant to Franklin ; and (9) Clerical errors in both defendants' abstracts of judgment must be corrected. Accordingly, we affirm Pantoja's judgment in its entirety, but remand for the limited purpose of affording him the opportunity to make a record of information relevant to his eventual youth offender parole hearing. As to Diaz, we conditionally reverse his convictions and sentence and remand for further proceedings, as discussed in this opinion.
I-II**
DISCUSSION
I-III***
IV
COUNT II AS LESSER INCLUDED OFFENSE OF COUNT I
Defendants and J.P. were charged, in count I of the information, with murder committed "willfully, unlawfully, and feloniously and with malice aforethought," in violation of section 187, subdivision (a). Count II charged them with attempted carjacking, in violation of sections 215, subdivision (a) and 664. With respect to count I, the trial court instructed, insofar as is *502 pertinent, on felony murder based on attempted carjacking and on murder with malice aforethought. The prosecutor stated to Diaz's jury that his theory of the case was that there was an attempted carjacking, and someone was killed, making it felony murder. The jury convicted Diaz of murder and attempted carjacking. In its verdict on count I, the jury expressly found the murder was committed during the commission of an attempted carjacking and therefore was murder in the first degree.
Diaz now contends his conviction on count II must be vacated, because attempted carjacking is necessarily included in the felony murder charged in count I. We disagree.
"While section 654 prohibits multiple punishment , it is generally permissible to convict a defendant of multiple charges arising from a single act or course of conduct. [Citations.]" ( *543 People v. Sanders (2012) 55 Cal.4th 731, 736, 149 Cal.Rptr.3d 26, 288 P.3d 83.) "Section 954 generally permits multiple conviction." ( People v. Reed (2006) 38 Cal.4th 1224, 1227, 45 Cal.Rptr.3d 353, 137 P.3d 184 ( Reed ).) "When section 954 permits multiple conviction, but section 654 prohibits multiple punishment, the trial court must stay execution of sentence on the convictions for which multiple punishment is prohibited. [Citations.]" ( Ibid . )[62]
"A judicially created exception to the general rule permitting multiple conviction 'prohibits multiple convictions based on necessarily included offenses.' [Citation.]" ( Reed , supra , 38 Cal.4th at p. 1227, 45 Cal.Rptr.3d 353, 137 P.3d 184.) "When a defendant is found guilty of both a greater and a necessarily lesser included offense arising out of the same act or course of conduct, and the evidence supports the verdict on the greater offense, that conviction is controlling, and the conviction of the lesser offense must be reversed. [Citations.] If neither offense is necessarily included in the other, the defendant may be convicted of both ...." ( People v. Sanders , supra , 55 Cal.4th at p. 736, 149 Cal.Rptr.3d 26, 288 P.3d 83.)
"There are two tests for determining whether one offense is necessarily included in another: the 'elements' test and the 'accusatory pleading' test. [Citation.] We apply the 'elements' test here because this case involves the conviction of multiple ... charged offenses. 'Courts should consider [both] the statutory elements and accusatory pleading in deciding whether a defendant received notice, and therefore may be convicted, of an uncharged crime, but only the statutory elements in deciding whether a defendant may be convicted of multiple charged crimes.' [Citation.] Under the 'elements' test, we look strictly to the statutory elements, not to the specific facts of a given case. [Citation.] We inquire *503 whether all the statutory elements of the lesser offense are included within those of the greater offense. In other words, if a crime cannot be committed without also committing a lesser offense, the latter is a necessarily included offense. [Citations.]" ( People v. Ramirez (2009) 45 Cal.4th 980, 984-985, 89 Cal.Rptr.3d 586, 201 P.3d 466.)
It is self-evident that murder can be committed without the commission of attempted carjacking. "Murder is the unlawful killing of a human *544 being, or a fetus, with malice aforethought." ( § 187, subd. (a).) " 'Carjacking' is the felonious taking of a motor vehicle in the possession of another, from his or her person or immediate presence, or from the person or immediate presence of a passenger of the motor vehicle, against his or her will and with the intent to either permanently or temporarily deprive the person in possession of the motor vehicle of his or her possession, accomplished by means of force or fear." (§ 215, subd. (a).) Accordingly, count II is not an offense necessarily included in count I. This is true even if we consider first degree murder, since a killing committed in the perpetration or attempted perpetration of carjacking is only one of multiple means by which a murder is first, rather than second, degree under section 189.
Diaz contends that attempted carjacking is necessarily included within felony murder . He argues that when determining whether a defendant has been convicted of a necessarily included offense, we must apply the statutory elements test to the offense of which the defendant actually was convicted, and not to alternative theories of liability that were not presented to or found by the jury. Diaz is wrong.
As support for his argument, Diaz points to People v. Dillon (1983) 34 Cal.3d 441, 475-477 and footnote 23, 194 Cal.Rptr. 390, 668 P.2d 697, overruled on another ground in People v. Chun (2009) 45 Cal.4th 1172, 1185-1186, 91 Cal.Rptr.3d 106, 203 P.3d 425. In Dillon , Justice Mosk, writing for a plurality of the state high court, took the position that in California, felony murder and premeditated malice murder are not the same crimes. The California Supreme Court has since explained, however, that this "means only that the two forms of murder have different elements even though there is but a single statutory offense of murder. [Citations.]" ( People v. Abel , supra , 53 Cal.4th at p. 937, 138 Cal.Rptr.3d 547, 271 P.3d 1040 ; see, e.g., People v. Sattiewhite (2014) 59 Cal.4th 446, 479, 174 Cal.Rptr.3d 1, 328 P.3d 1 [premeditated murder and felony murder are alternative theories of liability, not distinct crimes]; People v. Box (2000) 23 Cal.4th 1153, 1211, 99 Cal.Rptr.2d 69, 5 P.3d 130 [felony murder and premeditated murder constitute two kinds of first degree murder requiring different elements of proof], disapproved on another ground in People v. Martinez (2010) 47 Cal.4th 911, 948, fn. 10, 105 Cal.Rptr.3d 131, 224 P.3d 877.)
Diaz also relies heavily on Whalen v. United States (1980) 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 ( Whalen ) and People v. Wader (1993) 5 Cal.4th 610, 20 Cal.Rptr.2d 788, 854 P.2d 80. Neither opinion assists him, as both concern the issue of when multiple punishments violate the double jeopardy clause of the United States Constitution. (Whalen , supra , 445 U.S. at pp. 686, 690-693, 100 S.Ct. 1432 ; People v. Wader , supra , 5 Cal.4th at p. 670, 20 Cal.Rptr.2d 788, 854 P.2d 80.) Neither suggests, in any way, shape, or form, that their discussions in this regard *545 extend to the propriety of multiple convictions . It is axiomatic that a decision is not authority for propositions not considered or decided. (E.g., People v. Toro (1989) 47 Cal.3d 966, 978, fn. 7, 254 Cal.Rptr. 811, 766 P.2d 577, *504 disapproved on another ground in People v. Guiuan (1998) 18 Cal.4th 558, 568, fn. 3, 76 Cal.Rptr.2d 239, 957 P.2d 928.)
In reaching its conclusion that multiple punishment was not permitted, under the laws enacted by Congress for the governance of the District of Columbia or by the double jeopardy clause of the federal Constitution, for felony murder and the underlying felony, Whalen looked to whether Congress authorized the imposition of consecutive sentences. ( Whalen , supra , 445 U.S. at p. 689, 100 S.Ct. 1432.) It determined Congress intended the federal courts to adhere to the test of Blockburger v. United States (1932) 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 ( Blockburger ), to wit: " '[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.' [Citations.]" ( Whalen , supra , 445 U.S. at p. 691, 100 S.Ct. 1432.) The Whalen court stated: "In this case, resort to the Blockburger rule leads to the conclusion that Congress did not authorize consecutive sentences for rape and for a killing committed in the course of the rape, since it is plainly not the case that 'each provision requires proof of a fact which the other does not.' A conviction for killing in the course of a rape cannot be had without proving all the elements of the offense of rape. [Citations.]" ( Id. at pp. 693-694, 100 S.Ct. 1432.)
It is true, as Diaz contends, that the Supreme Court rejected the government's claim that felony murder and rape were not the same offense under Blockburger because felony murder could involve proof of a felony other than rape. Again, however, it did so solely in the context of the propriety of multiple punishments. ( Whalen , supra , 445 U.S. at p. 694 & fn. 8, 100 S.Ct. 1432.) It also observed that Congress was free to fashion exceptions to its rule of statutory construction that was based on Blockburger . ( Whalen , supra , 445 U.S. at pp. 691, 695, 100 S.Ct. 1432.)
Nothing in the cases cited to us, or those we have found through our own research, suggests to us that Diaz's conviction for attempted carjacking should be vacated. Rather, we conclude both convictions must stand.
V-VI†
*546 DISPOSITION
As to Diaz, the judgment is modified to provide that sentence on count II is enhanced by a consecutive term of 25 years to life in prison pursuant to Penal Code section 12022.53, subdivisions (d) and (e)(1). As so modified, the convictions and sentence are conditionally reversed and remanded to the juvenile court with directions to conduct a juvenile transfer hearing. ( Welf. & Inst. Code, § 707.) When conducting said hearing, the juvenile court shall, to the extent possible, treat the matter as though the prosecutor had originally filed a juvenile petition in juvenile court and had then moved to transfer Diaz's cause to a court of criminal (adult) jurisdiction. (Id ., subd. (a)(1).)
If, after conducting the juvenile transfer hearing, the juvenile court finds it would not have transferred Diaz to a court of criminal (adult) jurisdiction, it shall treat Diaz's convictions as juvenile adjudications; exercise its discretion under Penal Code section 12022.53, subdivision (h), as amended by Senate Bill No. 620 (Stats. 2017, ch. 682, § 2, eff. Jan. 1, 2018); and *505 impose an appropriate disposition within its discretion.
If, after conducting the juvenile transfer hearing, the court determines it would have transferred Diaz to a court of criminal (adult) jurisdiction because he is not a fit and proper subject to be dealt with under the juvenile court law, then Diaz's convictions and sentence shall be reinstated. ( Welf. & Inst. Code, § 707.1, subd. (a).) The trial court shall (1) afford Diaz an adequate opportunity to make a record of information that will be relevant to the parole authority as it fulfills its statutory obligations under Penal Code sections 3051 and 4801, subdivision (c) ; and (2) exercise its discretion under Penal Code section 12022.53, subdivision (h), as amended by Senate Bill No. 620 (Stats. 2017, ch. 682, § 2, eff. Jan. 1, 2018), and, if appropriate following exercise of that discretion, to resentence Diaz on count II accordingly. The trial court shall cause to be prepared an amended abstract of judgment that reflects (1) the foregoing modification or resentencing, (2) that liability for victim restitution is joint and several, and (3) that conviction on count II was by jury; and shall cause a certified copy of same to be transmitted to the appropriate authorities.
As to Pantoja, the judgment is affirmed in its entirety. The matter is remanded to the trial court for the limited purpose of affording Pantoja an adequate opportunity to make a record of information that will be relevant to the parole authority as it fulfills its statutory obligations under Penal Code sections 3051 and 4801, subdivision (c). The trial court shall cause to be prepared an amended abstract of judgment that reflects that liability for victim restitution is joint and several, and that conviction on count II was *547 by jury, and shall cause a certified copy thereof to be transmitted to the appropriate authorities.
WE CONCUR:
POOCHIGIAN, Acting P.J.
PEÑA, J.
Certified for Partial Publication.*

Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, only the Introduction, part IV of the Discussion and the Disposition are certified for publication.

All statutory references are to the Penal Code unless otherwise stated.

The jury apparently was not asked to make findings on the firearm and gang enhancement allegations.

See footnote *, ante .

See footnote *, ante .

Diaz was sentenced to consecutive terms on counts I and II. He does not now claim that, assuming multiple convictions were proper, multiple punishment was not.
The information alleged Bettencourt as the victim of the murder charged in count I, and Bettencourt and "JOHN DOE "-i.e. Gomez-as the victims of the attempted carjacking charged in count II. The jury's verdicts found Diaz guilty as charged in the information. Section 654 does not bar separate punishment when an act of violence is committed against multiple victims. (People v. Newman (2015) 238 Cal.App.4th 103, 114-115, 188 Cal.Rptr.3d 910 & cases cited therein.) Murder is a crime of violence (People v. Jackson , supra , 1 Cal.5th at p. 354, 205 Cal.Rptr.3d 386, 376 P.3d 528 ), as is attempted carjacking (see People v. Capistrano , supra , 59 Cal.4th at p. 887, 176 Cal.Rptr.3d 27, 331 P.3d 201 ). The present case involved both separate acts of violence (the aiming of the gun at Gomez's face accompanied by a demand for his car keys; the shooting of Bettencourt) and separate victims.

See footnote *, ante .