Filed 10/27/20  P. v. Pantoja CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DANIEL PANTOJA,<br><br>Defendant and Appellant. | F079427<br><br>(Super. Ct. No. 1423449)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Stanislaus County.  Scott T. Steffen, Judge.

Elizabeth J. Smutz, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Brook A. Bennigson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Daniel Pantoja (defendant) petitioned for resentencing pursuant to Penal Code section 1170.95.[1]  The trial court found he established a prima facie showing he was entitled to relief and appointed counsel, but failed to issue an order to show cause and instead proceeded to deny the petition on the merits without holding an evidentiary hearing.  Defendant contends this was error.  The Attorney General says defendant waived any claim of, or invited any, error when defense counsel declined the court's offer to hold such a hearing.  We agree with defendant that any purported waiver was invalid under the circumstances of this case.  Accordingly, we reverse the order denying the petition and remand the matter for further proceedings.

## FACTS AND PROCEDURAL HISTORY

A jury convicted defendant (who was jointly tried, albeit before a separate jury, with T.D. and J.P.) of first degree murder committed during an attempted carjacking (§ 187, subd. (a); count I) and attempted carjacking (§§ 215, subd. (a), 664; count II). Jurors were unable to reach a unanimous finding on allegations a principal personally and intentionally discharged a firearm, proximately causing great bodily injury or death (§ 12022.53, subds. (d), (e)(1)) and that the crime was committed for the benefit of or in association with a criminal street gang (§ 186.22, subd. (b)(1)), and those allegations ultimately were dismissed.  (*People v. Diaz* (2018) 21 Cal.App.5th 538, 541.)[2]

---

[1]     All statutory references are to the Penal Code.

[2]     Inasmuch as this opinion was not certified for publication with respect to the statement of facts, we have taken judicial notice, by separate order, of our entire opinion on direct appeal.  (*People v. Diaz et al.* (Mar. 20, 2018, F071348) as mod. Apr. 10, 2018, [partially pub. opn.].)

T.D. was similarly convicted with respect to counts I and II.  His jury found the gang enhancement allegation not true, but the firearm discharge allegation true.  (*People v. Diaz, supra*, 21 Cal.App.5th at p. 541.)  J.P. was acquitted.  (*Ibid.*)

The prosecution presented evidence to both juries that showed T.D. was the actual killer.  (*People v. Diaz et al., supra*, F071348.)  In addition, J.P. testified before both

2.

On appeal, we affirmed defendant's convictions, but remanded the matter for the limited purpose of affording him the opportunity, pursuant to *People v. Franklin* (2016) 63 Cal.4th 261, to make a record of information relevant to his eventual youth offender parole hearing. (*People v. Diaz*, *supra*, 21 Cal.App.5th at p. 542.) The opinion was filed on March 20, 2018, and modified upon denial of rehearing on April 10, 2018.

On January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437) went into effect. In pertinent part, it:

(1) amended section 188 to provide that, "[e]xcept as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime" (§ 188, subd. (a)(3), as amended by Stats. 2018, ch. 1015, § 2);

(2) amended section 189 to provide that "[a] participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [including carjacking] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2" (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 3); and

(3) added section 1170.95, which permits a person convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the murder conviction and resentence him or her on any remaining counts when, inter alia, he or she could not be convicted of murder because of the changes made

---

juries that T.D. fired the fatal shots. (*Ibid.*) There was also evidence suggesting a robbery and/or carjacking was planned, and that Pantoja furnished the gun. (*Ibid.*)

3.

to section 188 or section 189 by Senate Bill No. 1437 (§ 1170.95, subd. (a)(3), as added by Stats. 2018, ch. 1015, § 4).[3]

On January 23, 2019, defendant filed a petition for resentencing pursuant to section 1170.95. Using a preprinted form, defendant asserted he was convicted of murder pursuant to the felony murder rule, and could not now be so convicted because of changes made to sections 188 and 189, in that he was not the actual killer; did not, with the intent to kill, aid and abet the actual killer; was not a major participant or did not act with reckless indifference to human life; and the victim was not a peace officer.[4] He asked that counsel be appointed. In response, the judge who presided over defendant's trial reappointed defendant's trial counsel and set the matter for hearing.

Prior to the hearing, the People filed a written motion to dismiss the petition. They argued Senate Bill No. 1437 was unconstitutional. Assuming constitutionality, they further argued defendant failed to make a prima facie showing of eligibility for relief because he was a major participant and acted with implied malice and reckless indifference to human life.

Defendant, through counsel, filed a written rebuttal in which he argued the determination whether defendant was a major participant who acted with reckless indifference to human life should be made by a jury. If the court disagreed, defendant asked it to consider certain specific evidence adduced at trial. Defendant argued he had

---

[3]    Because defendant was convicted under a felony murder theory, we do not further refer to the natural and probable consequences theory.

[4]    Defendant also checked the box stating there was a prior determination by a court or jury that he was not a major participant and/or did not act with reckless indifference to human life under section 190.2, subdivision (d). That statute permits imposition of a sentence of death or life in prison without the possibility of parole for anyone who is convicted of first degree murder if he or she, although not the actual killer, aided and abetted with reckless indifference to human life and as a major participant, if a felony-murder special circumstance was found to be true. No special circumstance was alleged or found in defendant's case. (See *People v. Diaz*, *supra*, 21 Cal.App.5th at p. 541.)

made a prima facie showing of eligibility under section 1170.95; that an examination of the facts was premature in that he was asserting his right to a jury trial or, at the least, a court trial on the factual issues, prior to any factual findings; and that defendant could not be convicted of murder under the law as changed by Senate Bill No. 1437 in that he was not a major participant, did not act with implied malice (and, if he did, that was not the applicable standard), and did not act with reckless indifference to human life. Defendant also argued Senate Bill No. 1437 was constitutional. Defendant reserved the right to contest the facts of the offense as alleged by the People. He acknowledged the evidence adduced at trial would play a major role in the determination of the issues, but stated he expected, and requested leave, to provide additional evidence and argument in support of his position. He suggested that the court follow certain steps, and requested a contested factual hearing regarding the issues of major participant and reckless indifference to human life.

On May 24, 2019, a hearing was held on the petition. Defendant was not personally present, having not been transported from prison. This ensued:

> "[DEFENSE COUNSEL]: Your Honor, *I must admit that I thought that procedure was slightly different. I expected Mr. Pantoja to be here. But in talking to [the prosecutor] this morning, he explained that this Court's procedure is to do the prima facie hearing first, decide that issue, and then, if appropriate, transport the defendant from [prison].*

> "*So I suppose we are here for the prima facie hearing.* I set out my position on that in my response to the People's motion. . . . [¶] . . . [¶] . . . I don't think I have nothing [*sic*] to add to that. [¶] . . . [¶]

> "[PROSECUTOR]: I think our points and authorities and argument was [*sic*] pretty extensive that we filed. . . . It's our contention that the defendant hasn't met his burden of proving he wasn't a major participant. He was standing shoulder-to-shoulder with [T.D.] as [T.D.] was robbing the victim just before [T.D.] shot him in the chest.

> "And, also, Mr. Pantoja gave [T.D.] the gun earlier in the evening, so that would make him a major participant to this offense.

"And, moreover, we are not waiving our objection to the constitutionality of this Senate Bill that got passed. . . . [¶] . . . [¶]

"[THE COURT:] I would like to address the issue of a prima faci[e] showing. I think we are there, and the reason I think that is because Mr. Pantoja checked the boxes, and I think appropriately checked the boxes. He was convicted of first- or second-degree murder under the felony murder rule. And absent a showing of him being a major participant, he couldn't be sentenced to first- or second-degree murder.

"He argues that — and this would be a factual finding — that he didn't intend to kill; was not a major participant. So I think in that context he has at least established a prima faci[e] showing.

"On the other hand, I think it's essentially fully briefed. I don't know what else you could add. You were here [at trial]. But there's been a split in the defendants here as to which ones want to be here and which ones opt not to. So I guess if he wants to be here, to the extent there's a factual issue it might be helpful; on the other hand, if you don't know, I'm ready to rule.

"[DEFENSE COUNSEL]: Judge, *I have had no communication directly with Mr. Pantoja*, and so I don't know how he personally feels about being here. *I don't know if he would like to address the Court.* I don't know if there are issues that the Court wants the defense to address. *I have made no effort thus far to secure witnesses that may have something to add to this case; for example, the one codefendant who was acquitted and one that was convicted . . . . There may be others.*

"The Court heard the trial. The Court knows that there were people there.

"There's also the [surveillance] video [from the store where the incident occurred]. I have referenced it in my moving papers. I suppose if the Court needed to reexamine the video, that's going to be around somewhere, and we could do that. I don't know how the Court feels about that.

"*I have no fundamental problem with the Court ruling today because I did cover all of that.* At the same time, if the Court thinks that there are still factual issues that should be addressed that would help the Court make the decision, I'm certainly willing to do that.

"THE COURT: Okay. Well, as you know, I presided over the prelim[inary hearing] and the trial. [¶] . . . [¶] . . . And I took pretty thorough notes during both, and I have reviewed those notes. *I don't know that there's anything to be gained by additional evidence, unless there's something that you would like to present.*

"[DEFENSE COUNSEL]: Judge, *not at this point. I could speculate in my mind about what the codefendants might say, but it's speculation at this point because I haven't had a conversation with them. I don't know they would be willing to talk to me; and if they were, I don't know what they would say. So I can't represent that I have something to add.*

"THE COURT: Okay. And I appreciate that. [¶] All right. *So any objection to me ruling on the motion*, [defense counsel]?

"[DEFENSE COUNSEL]: *No objection.*" (Italics added.)

After the prosecutor likewise stated he had no objection, the court proceeded to examine the principal California Supreme Court authorities on the major participant/reckless indifference issue — *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522 — and their application to the facts of defendant's underlying criminal case, as shown by the evidence adduced at trial. Based on that evidence, the court opined the jury would have concluded, beyond a reasonable doubt, that defendant was a major participant who showed reckless indifference to human life. Accordingly, it denied the petition.

Defense counsel stated his recollection of some of the facts was different from that of the court, and he questioned the credibility of J.P., one of the witnesses whose testimony the court summarized. After further discussion, the court concluded: "But I think that what [section 1170.95] says is that at this particular hearing the People have to prove beyond a reasonable doubt that the jury would have reached the same conclusion as to whether the defendant was a major participant and acted with reckless disregard, and I am making that finding."[5]

---

[5] The court also found Senate Bill No. 1437 was constitutional.

## DISCUSSION

Defendant contends the trial court erred by reaching the merits of the petition without first issuing an order to show cause and proceeding as required by section 1170.95. Although it is apparent why the court proceeded to rule on the merits without issuing an order to show cause or holding an evidentiary hearing, we conclude defense counsel did not effectively waive such a hearing, and, under the circumstances, his comments should not have been interpreted as obviating the need therefor.

In order to begin the process leading to potential vacatur of his murder conviction pursuant to section 1170.95, defendant, having been convicted of felony murder, was required to file a petition with the court that sentenced him, seeking to have the conviction vacated and to be resentenced on the remaining count. (§ 1170.95, subd. (a).) Defendant could properly file such a petition only if all the following conditions applied: (1) An information was filed against him that allowed the prosecution to proceed under a theory of felony murder; (2) He was convicted of first degree murder following a trial; and (3) He could not be convicted of first or second degree murder because of the changes to section 188 or 189 that went into effect on January 1, 2019. (§ 1170.95, subd. (a)(1)-(3).) Defendant was required to file the petition with the sentencing court, and to serve a copy on the district attorney and trial counsel. He was required to include in the petition a declaration that he was eligible for relief based on all the requirements of section 1170.95, subdivision (a), the case number and year of his conviction, and whether he requested the appointment of counsel. (*Id*., subd. (b)(1).)

Defendant's petition complied with the foregoing requirements. It thus was facially sufficient. Accordingly, the sentencing court was required to review the petition and determine if defendant made a prima facie showing that he fell within the provisions of section 1170.95. (*Id*., subd. (c).) Since defendant requested the appointment of

counsel, the court was obligated to appoint counsel to represent defendant. (*Ibid*.)[6] The prosecutor was to file a written response, and defendant (or his counsel) was allowed to file a written reply. (§ 1170.95, subd. (c).) The court and parties complied with these requirements, and, after briefing, the court determined defendant made a prima facie showing he was entitled to relief.[7]

Subdivision (c) of section 1170.95 provides that following briefing, "[i]f the petitioner makes a prima facie showing that he or she is entitled to relief, the court *shall* issue an order to show cause." (Italics added.) The court did not do so here. Nor did it adhere to the provisions of subdivision (d) of the statute, which states, in pertinent part:

> "(d)(1) Within 60 days after the order to show cause has issued, the court *shall* hold a hearing to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not been previously been [*sic*] sentenced, provided that the new sentence, if any, is not greater than the initial sentence. This deadline may be extended for good cause.

---

[6] The questions (1) whether superior courts may consider the record of conviction in determining whether a defendant has made a prima facie showing of eligibility for relief under section 1170.95 and (2) when the right to appointed counsel arises under subdivision (c) of that statute, are currently pending before the California Supreme Court. (*People v. Lewis* (2020) 43 Cal.App.5th 1128, review granted Mar. 18, 2020, S260598.) This appeal does not require us to address those questions.

[7] In *People v. Verdugo* (2020) 44 Cal.App.5th 320, review granted March 18, 2020, S260493, the appellate court explained that the sentencing court's role with respect to the pre-briefing prima facie showing is to decide, based on "documents in the court file or otherwise part of the record of conviction that are readily ascertainable," whether the petitioner/defendant is ineligible for relief as a matter of law. (*Id*. at p. 329.) The second prima facie review, conducted postbriefing, "is equivalent to the familiar decisionmaking process before issuance of an order to show cause in habeas corpus proceedings . . . ." (*Id*. at p. 328.) Under that standard, " '[t]he court must issue an order to show cause if the petitioner has made a prima facie showing that he or she is entitled to relief. In doing so, the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause.' [Citations.]" (*Ibid*.)

"(2) The parties may waive a resentencing hearing and stipulate that the petitioner is eligible to have his or her murder conviction vacated and for resentencing. . . .

"(3) At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing. If the prosecution fails to sustain its burden of proof, the prior conviction . . . shall be vacated and the petitioner shall be resentenced on the remaining charges. The prosecutor and the petitioner may rely on the record of conviction *or offer new or additional evidence* to meet their respective burdens." (Italics added.)

The Attorney General agrees defendant was entitled to an evidentiary hearing (preceded, presumably, by issuance of an order to show cause) once defendant made his prima facie showing. The question is whether defendant waived his right to such a hearing, or invited any error, by electing to submit the matter on the written briefing. Under the circumstances presented here, the answer is no.

" '[C]ounsel is captain of the ship. . . . "When the accused exercises his constitutional right to representation by professional counsel, it is counsel, not defendant, who is in charge of the case. By choosing professional representation, the accused surrenders all but a handful of 'fundamental' personal rights to counsel's complete control of defense strategies and tactics." ' [Citation.]" (*People v. Freeman* (1994) 8 Cal.4th 450, 485, italics omitted.) "No clear set of criteria exists for deciding whether a right is so fundamental in nature as to require a personal waiver by the accused. [Citation.] However, the rights for which a personal waiver is required comprise a 'narrow exception' to the general rule. [Citation.]" (*People v. Johnson* (2020) 45 Cal.App.5th 123, 130.)

We need not decide whether defense counsel could ever waive section 1170.95's mandates of an order to show cause followed by an evidentiary hearing. Assuming such waiver is permissible, we know of no authority suggesting it can be found where, as here, counsel is prepared only for a hearing on whether a prima facie showing has been made

10.

and, by his own admission, has had no communication with defendant concerning whether defendant wanted personally to be present or to testify, and has made no attempt to contact other potential witnesses. Neither defense counsel nor the court had any way of knowing whether there might exist evidence that was never presented at trial, and that might be relevant and persuasive with respect to the People's ability to prove, beyond a reasonable doubt, defendant was ineligible for resentencing. This is particularly true since, given the fact no felony-murder special circumstance was alleged against him, defendant had little or no incentive at trial to present evidence showing that even if he was involved in the charged offenses, he was not a major participant and did not act with reckless indifference to human life.

One of the Legislature's purposes in enacting Senate Bill No. 1437 was "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The trial court having found defendant made a prima facie showing he was entitled to relief under the enactment, defendant was entitled to a hearing at which he (and the prosecution) had the right to present new or additional evidence on the subject. (§ 1170.95, subd. (d)(3).) Defendant, through counsel, expressly requested such a hearing in his written response to the People's opposition to the petition. Defense counsel could neither waive, nor could the trial court properly accept a waiver of, defendant's right thereto, where defendant had not been consulted by counsel, was not present or his presence properly waived, and where defense counsel had no idea whether additional evidence existed that was relevant to the issues to be addressed at a hearing pursuant to section 1170.95, subdivision (d). (See *People v. Cutting* (2019) 42 Cal.App.5th 344, 348 [trial court erred in proceeding with resentencing hearing in the defendant's absence, where the defendant did not waive right to be present and defense counsel did not represent to court that the defendant had surrendered that right]; *People v. Fryhaat* (2019) 35 Cal.App.5th 969, 977-978

11.

[procedure used by trial court did not constitute hearing contemplated by § 1473.7, where the defendant did not have opportunity to be heard and counsel did not adequately represent the defendant in the defendant's absence]; *People v. Fedalizo* (2016) 246 Cal.App.4th 98, 110 [the defendant was not entitled to be present for uncontested eligibility hearing pursuant to § 1170.18, but was entitled to be present for ensuing resentencing unless presence was waived; the defendant could appear through counsel if counsel represented to court that the defendant was knowingly absent].)

To conclude otherwise would run contrary to the purpose of Senate Bill No. 1437 and result in intolerable unfairness to defendant. "[T]he absent defendant must authorize the acts of his counsel." (*People v. Fedalizo*, *supra*, 246 Cal.App.4th at p. 110.) Nothing in the record suggests defense counsel was authorized to waive issuance of an order to show cause or an evidentiary hearing, or defendant's presence at the proceedings.

Because we cannot know, on this record, what, if any, additional evidence might have been presented had the trial court followed the requirements of section 1170.95, subdivisions (c) and (d), we cannot conclude the error — whether attributable to defense counsel, the trial court, or both — was harmless. (See *People v. Cutting*, *supra*, 42 Cal.App.5th at p. 350.) Accordingly, we need not determine the applicable standard of prejudice or if such error should be deemed structural. The matter must, under any standard, be remanded for further proceedings.

## DISPOSITION

The order denying the petition is reversed.  The matter is remanded to the sentencing court with directions to issue an order to show cause under section 1170.95, subdivision (c) and hold a hearing pursuant to section 1170.95, subdivision (d).  We express no opinion concerning defendant's ultimate entitlement to relief following the hearing.


DETJEN, J.

WE CONCUR:


POOCHIGIAN, Acting P.J.


PEÑA, J.

13.