Filed 8/31/22  P. v. Ruiz CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D079796 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE384510) |
| RENE RUIZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Roderick W. Shelton, Judge.  Vacated and remanded.

Anthony J. Dain, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, Paige B. Hazard, and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

Rene Ruiz appeals the judgment sentencing him to prison for 15 years to life for second degree murder and other convictions arising out of a car

accident during which he was driving under the influence of drugs. He seeks a remand for resentencing to seek the benefit of a post-sentencing statutory amendment that potentially would reduce his prison term. Ruiz also seeks correction of the abstract of judgment to designate one prison term as concurrent. We vacate the sentence and remand for resentencing on all counts.

## I.

## BACKGROUND

Ruiz, B.W., and M.F. spent a night smoking methamphetamine and using other drugs at a hotel room until they were told to get out the following morning. They went to B.W.'s car in the hotel parking lot, where they used more drugs. Ruiz eventually drove the car away from the hotel with B.W. and M.F. as passengers. While driving on a freeway later that day, Ruiz lost control of the car, which hit the center divider and flipped over onto the other side of the freeway. Ruiz and B.W. exited the car and left the scene. B.W. suffered a concussion and was hospitalized for a day. M.F. died of blunt force trauma. Ruiz was arrested and heroin was found on his person. Tests of his blood revealed levels of methamphetamine that would have impaired his driving.

A jury found Ruiz guilty of second degree murder of M.F. (count 1; Pen. Code, § 187, subd. (a); undesignated section references are to this code), gross vehicular manslaughter while intoxicated of M.F. (count 2; § 191.5, subd. (a)), driving under the influence of a drug proximately causing bodily injury to B.W. (count 3; Veh. Code, § 23153, subd. (f)), failure to stop after a vehicular accident involving death or serious injury (count 4; Veh. Code, § 20001, subd. (b)(2)), unlawful possession of a controlled substance (count 5; Health & Saf. Code, § 11350, subd. (a)), and driving with a suspended license (count 6; Veh.

2

Code, § 14601.1, subd. (a)).  On count 2, the jury found true enhancement allegations that Ruiz fled the scene of the crime and proximately caused bodily injury or death to more than one victim.  (Veh. Code, §§ 20001, subd. (c), 23558.)  On count 3, the jury found true enhancement allegations that Ruiz personally inflicted great bodily injury on the victim (§ 12022.7, subd. (a)) and proximately caused bodily injury or death to more than one victim (Veh. Code, § 23558).  Ruiz admitted he had a prior conviction of driving under the influence within 10 years.

The trial court sentenced Ruiz to prison for 15 years to life on count 1 (second degree murder).  (§ 190, subd. (a).)  The court imposed the upper term of 10 years on count 2 (gross vehicular manslaughter while intoxicated) (§ 191.5, subd. (c)(1)), plus consecutive terms of five years and one year, respectively for the enhancements for fleeing the scene and proximately causing bodily injury or death to more than one victim (Veh. Code, §§ 20001, subd. (c), 23558).  The court stayed execution of the prison term on count 2 pursuant to section 654.  The court imposed concurrent terms on counts 3 through 6.  Ruiz's aggregate prison term was therefore 15 years to life.

## II.

## DISCUSSION

Ruiz seeks a remand for resentencing to allow the trial court to exercise discretion to sentence him to a determinate term on count 2 (gross vehicular manslaughter while intoxicated) rather than to an indeterminate term on count 1 (second degree murder).  He relies on legislation that took effect after he was sentenced, which he argues applies because the legislation is ameliorative and his case is not yet final on appeal.  Ruiz also asks us to order correction of the abstract of judgment to indicate the trial court imposed a concurrent prison term on count 4 (failure to stop after a vehicular

3

accident involving death or serious injury).  The People agree the abstract should be corrected and the recent legislation applies to Ruiz's case.  The People disagree, however, that a remand for resentencing is appropriate because, in their view, comments by the court at sentencing clearly indicate it would not have stayed execution of the indeterminate prison term imposed on count 1 in favor of imposing and executing a determinate term on count 2.  As we shall explain, remand for resentencing is warranted.

When Ruiz was sentenced, the law provided that "[a]n act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision."  (Former § 654, subd. (a), as amended by Stats. 1997, ch. 410, § 1.)  Because the prison term of 15 years to life prescribed for second degree murder was potentially longer than the 16-year term prescribed for gross vehicular manslaughter while intoxicated with the attached enhancements, the trial court was required to impose and execute the indeterminate term and impose and stay execution of the determinate term.  (*Ibid*.; *People v. Diaz* (2018) 21 Cal.App.5th 538, 543; *People v. Hutchins* (2001) 90 Cal.App.4th 1308, 1312.)

The law changed after Ruiz was sentenced and now provides that "[a]n act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision."  (§ 654, subd. (a), as amended by Stats. 2021, ch. 441, § 1, eff. Jan. 1, 2022.)  A trial court is thus no longer required to impose the longer potential prison term when two convictions arise out of the same criminal act or omission and different prison terms are prescribed for the convictions.  The court now has "discretion to

4

impose and execute the sentence of either term, which could result in the trial court imposing and executing the shorter sentence rather than the longer sentence." (*People v. Mani* (2022) 74 Cal.App.5th 343, 379 (*Mani*).)

We agree with the parties that because the recent amendment of section 654 potentially lessens punishment, it applies to judgments of conviction like Ruiz's that were not final when the amendment took effect. (See *In re Estrada* (1965) 63 Cal.2d 740, 744-745; *People v. Jones* (2022) 79 Cal.App.5th 37, 45 (*Jones*); *Mani, supra,* 74 Cal.App.5th at p. 379.) We cannot tell from the record, however, whether or not the trial court would exercise its newly granted discretion to reduce Ruiz's prison term, because the record contains conflicting indicators on the issue. On the one hand, the trial court imposed the upper term of 10 years on the gross vehicular manslaughter conviction, and in doing so stated that the case was "serious" because it involved the death of M.F., that Ruiz had a criminal record including a prior conviction of driving under the influence, and that aggravating factors outweighed mitigating factors. On the other hand, the court stated that Ruiz had no intent to kill and felt remorse for the accident, and the court imposed concurrent rather than consecutive prison terms on counts 3, 4, 5, and 6. From this record, we conclude remand is appropriate to allow the trial court to exercise its discretion on whether to punish Ruiz on count 1 or count 2. (See *People v. Mendoza* (2022) 74 Cal.App.5th 843, 862 [remanding to allow trial court to exercise discretion under amended § 654 when court exercised discretion to defendant's benefit on other issue at original sentencing]; *People v. Gonzalez* (2019) 39 Cal.App.5th 115, 123 [remanding to allow trial court to exercise discretion it did not have at original sentencing]; *People v. McDaniels* (2018) 22 Cal.App.5th 420, 427-428 [remanding to allow trial court to exercise discretion to strike firearm

5

enhancement when court expressed no intent to impose maximum sentence and imposed a concurrent middle term on another conviction at original sentencing].)

We further conclude that remand for full resentencing is appropriate. As we have just explained, application of the amended version of section 654 will require the trial court to decide whether to punish Ruiz for second degree murder by a potential prison term of life or for gross vehicular manslaughter while intoxicated by a determinate term of up to 16 years with the attached enhancements. Another statutory amendment that took effect while Ruiz's appeal was pending also may affect the trial court's decision. A court no longer has discretion to impose an upper prison term unless the defendant has admitted or the trier of fact has found beyond a reasonable doubt all the aggravating circumstances on which the court relies to impose the upper term. (§ 1170, subd. (b)(2), as amended by Stats. 2021, ch. 731, § 1.3, eff. Jan. 1, 2022; see *People v. Lopez* (2022) 78 Cal.App.5th 459, 464-468.) The record in this case contains no such findings or admissions except as to Ruiz's prior conviction of driving under the influence. Therefore, if on remand the trial court decides to impose and execute a determinate prison term on count 2 rather than an indeterminate term on count 1, the court should be free to reconsider its decision to impose concurrent rather than consecutive prison terms on counts 3 through 6, so that it may arrive at an aggregate prison term it deems just under the new sentencing laws. (See *Jones*, *supra*, 79 Cal.App.5th at p. 46 [remand for full resentencing after amendment of § 654 appropriate when case involved multiple counts and enhancements]; *People v. Choi* (2021) 59 Cal.App.5th 753, 770 [remand for full resentencing after enhancements stricken on appeal appropriate when trial court did not impose maximum sentence and made discretionary sentencing choices at original

6

sentencing]; *People v. Hill* (1986) 185 Cal.App.3d 831, 834 [on remand for resentencing "trial court is entitled to rethink the entire sentence to achieve its original and presumably unchanged goal"].)

Finally, because the trial court must fully resentence Ruiz, it will have to prepare a new abstract of judgment. We therefore deny as moot Ruiz's request that we correct the abstract of judgment to designate the prison term imposed on count 4 as concurrent. (See *People v. Ochoa* (2020) 53 Cal.App.5th 841, 854, fn. 10 ["Because our reversal and remand for resentencing will vacate the current abstract of judgment, the error is now moot."].)

## III.

## DISPOSITION

The sentence is vacated, and the matter is remanded for full resentencing. Upon resentencing, the trial court shall prepare a new abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.

IRION, J.

WE CONCUR:

HUFFMAN, Acting P. J.

DATO, J.

7